IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02896-GPG

JADA DAVIS,

    Plaintiff,

v.

WILLIAM PEAT ALDERTON, Judge,
CHAFFEE COUNTY SHERIFF'S OFFICE,
THE CITY OF SALIDA,
THE SALIDA POLICE DEP'T,
THE CITY,
THE POLICE FOR THE CITY OF SALIDA, CO,
THE STATE OF COLORADO,
THE CITY OF SALIDA,
SUSAN COYKENDALL, PHD,
BRIAN ANDRIS-C, Deputy District Attorney,
MOLLY CHILSON, District Attorney,
DAMON HARRIS, Court Officer,
KAREN PROSSER, Clerk of the Court,
OFFICE OF CLERK STAFF, Chaffee County Combined Courts,
CHAFFEE COUNTY COMBINED COURTS, 11th Judicial Circuit,
JOHN SPEEZE, Sheriff,
JOE McGUIRE, Undersheriff,
TRACY JACKSON, Commander,
MARTINEZ, Lieutenant,
JIMMY JAMES, Sergeant,
ADRIAN PUGH, Deputy,
BRANDY PUGH, Deputy,
R. J. CARLAND, Deputy,
MILLER, Deputy,
FLORIA TONDA AVILLA, Deputy,
BERTOLEFT, Deputy,
STOVER, Deputy,
FARLEY, Deputy,
COMPTON, Deputy,
PAYSON, Deputy,
VELTRI, Deputy,
DICKSON, Deputy,
T. MOODY, Deputy,
Z. TUCKER, Deputy,
SMITH, Deputy,
NURSE MARY,
NURSE TARA,

1

MARQUEZ & HARRICK-STARE, Alternate Defense Counsel,
RANDAL SCOTT HERRICK-STARE, Attorney
THE MAYOR OF THE CITY OF SALIDA,
EVERY POLICE OFFICER OF THE SALIDA POLICE DEPARTMENT
TERRY CLARK,
CHIEF OF POLICE,
MOUNTAIN PAWN AND GUN,
MICHAEL SHAFFER, Owner of Mountain Pawn and Gun,
CITY OF FAIRPLAY, COLORADO,
PARK COUNTY JAIL SHERIFF'S OFFICE,
DAN MULDOON, Jail Administrator, Park County Sheriff's Office,
FRED WEGENER, Park County Sheriff,
DAVID WOHLERS, Undersheriff Park County Sheriff's Office,
HEART OF THE ROCKIES REGIONAL MEDICAL CENTER,
X-RAY TECHNICIAN, Rockies Regional Medical Center,
TREVOR THORNHOFF, Salida Police Officer,
AIDON OSBORN, Salida Police Officer,
KEVIN EVERSON, Chaffee County Sheriff's Deputy,
DARREN LONGHEED, Chaffee County Sheriff's Deputy,
THE SALIDA POST OFFICE,
STACY PHILLIPS, Postmaster,
NAMES IN POSTAL WORKER'S STATEMENT-POLICE REPORT ON 11-21-2016,
OFFICER MESKE, Salida Police Officer, and
THE CHAFFEE COUNTY SHERIFF DEPUTY WHO HANDCUFFED PLAINTFF,

       Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

       Plaintiff is detained at the Chaffee County Jail in Salida, Colorado.   Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint, ECF No. 1, and a Motion to Proceed In forma Pauperis, ECF No. 3.   The Court entered an order on December 5, 2017, that found deficiencies with the filing.   Plaintiff was directed to submit the Complaint and Motion on proper Court-approved forms and to provide a certified inmate account statement.   Plaintiff complied and was granted leave to proceed pursuant to 28 U.S.C. § 1915.

2

The Court must construe the February 16, 2018 Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Plaintiff names sixty-seven defendants, asserts twenty-nine claims pursuant to 42 U.S.C. § 1983, and seeks money damages and declaratory and injunctive relief.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague, prolix, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint and finds that she fails to provide a short and plain statement of her claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   For the following reasons Plaintiff will be directed to file an amended complaint.

The State of Colorado and its entities are protected by Eleventh Amendment immunity.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).   "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."   *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).   The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).   Accordingly, Plaintiff may not sue the State of Colorado, the Chaffee County Combined Courts-Eleventh Judicial District, and the State Public Defender's Office for money damages.

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, but a plaintiff must assert a claim for prospective relief against individual state officers.   *Verizon Maryland v. Public Service Commission of*

*Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).

The Chaffee County Sheriff's Office, the Park County Jail Sheriff's Office, and the City of Salida Police Department are not separate entities from the respective county or city, and, therefore, are not persons under 42 U.S.C. § 1983.   See *Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   Any claims asserted against the sheriff offices and police department must be considered as asserted against the respective county or city.

Municipalities and municipal entities, such as Chaffee County, Park County, or the Cities of Salida and Fairplay are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added).

Finally, "for purposes of analyzing a municipality's potential liability under § 1983, acts of municipal department officials in their official capacity are equated with the acts of a municipality itself."   *Stump*, 777 F. Supp. at 816 (citing Monell, 436 U.S. at 690 n. 55). To state a § 1983 claim against a municipal employee in his official capacity, a plaintiff must allege:

> (1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [municipality's] employees;
>
> (2) Deliberate indifference to or tacit approval of such misconduct by the [municipality's] policymaking officials . . . after notice to the officials of that particular misconduct; and

> (3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the . . . custom and that the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993).   A single incident generally is insufficient to show municipal liability, unless a plaintiff can demonstrate that "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."   *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).

Furthermore, each claim must identify a named defendant that personally participated in an **alleged constitutional violation**.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated

6

the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677) (internal quotation marks omitted).   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Also, judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless she acted in the clear absence of all jurisdiction.   *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).   Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."   *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).   Plaintiff does not state any facts to indicate that named defendants who are judges were acting outside of their judicial capacities.

Furthermore, 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."   Conn v. Gabbert, 526 U.S. 286, 290 (1999).   Therefore, Plaintiff should name as Defendants only those persons he contends actually violated his federal constitutional rights.   It is not clear that several of named defendants are acting under color of state law.

7

Finally, public defenders are not state actors under § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).   Therefore, they are not proper parties to this action.   Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the above directives, **within thirty days from the date of this Order**.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (Revised December 2017), (with the assistance of Plaintiff shall obtain the Court-approved Prisoner Complaint form, (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, and that he shall use the Court-approved Prisoner Complaint form to file an Amended Prisoner Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court may dismiss the action without further notice.   It is

FURTHER ORDERED that the only proper filing at this time is an Amended Prisoner Complaint that complies with this Order.   The Court will not consider any other pleadings at this time.

DATED March 7, 2018, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge