IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02896-GPG

JADA DAVIS,

     Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY,
THE BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY,
THE HEART OF THE ROCKIES REGIONAL MEDICAL CENTER,
CITY OF SALIDA,
CITY OF FAIRPLAY,
CHAFFEE COUNTY (Name of Defendant in part illegible),
CHAFFEE COUNTY GOVERNMENT,
JOHN SPEZZE, Sheriff,
JOE McGUIRE, Undersheriff,
TRACY JACKSON, Commander,
JIMMY JAMES, Sergeant,
LT. MARTINEZ,
DEPUTY AVILLA,
DEPUTY ADRIAN PUGH,
DEPUTY BRANDY PUGH,
DEPUTY R. J. CARLAND,
DEPUTY MILLER,
DEPUTY BERTOLETT,
DEPUTY STOVER,
DEPUTY FARLEY,
DEPUTY COMPTON,
DEPUTY PAYSON,
DEPUTY VELTRI,
DEPUTY DICKSON,
DEPUTY MOODY,
DEPUTY TUCKER,
NURSE MARY,
NURSE TARA,
THE CHAFFEE COUNTY SHERIFF DEPUTY WHO HANDCUFFED PLAINTFF,
KEVIN EVERSON, Chaffee County Sheriff's Deputy,
DARREN LONGHEED, Chaffee County Sheriff's Deputy,
SPENCER BLADES, Chaffee County Sheriff's Deputy,
PARK COUNTY SHERIFF'S OFFICE,
DAN MULDOON, Jail Administrator,
DEPUTY COPELAND, Park County Sheriff Deputy, and

DEPUTY LEDVING, Park County Sheriff Deputy,

Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Jada Davis currently is incarcerated at the Chaffee County Jail in Salida, Colorado.   Plaintiff initiated this action by filing a Prisoner Complaint, ECF No. 1, and a "Motion to Proceed In Forma Pauperis-Application to Proceed In Forma Pauperis," ECF No. 3.   Magistrate Judge Gordon P. Gallagher reviewed the filings and directed Plaintiff to file her claims and motion to proceed in forma pauperis on proper Court-approved forms.   *See* ECF No. 5.   After several inquiries, Plaintiff filed her claims on a proper complaint form and submitted a request to proceed pursuant to § 1915.   *See* ECF Nos. 16 and 27.   Plaintiff was granted leave to proceed pursuant to § 1915.

Magistrate Judge Gallagher reviewed the Prisoner Complaint and determined there were deficiencies that needed to be addressed.   On March 7, 2018, Magistrate Judge Gallagher entered an order that instructed Plaintiff to file an Amended Prisoner Complaint that complies with the following:

> The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Vague, prolix, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *Id.*

The Court has reviewed Plaintiff's Complaint and finds that she fails to provide a short and plain statement of her claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. For the following reasons Plaintiff will be directed to file an amended complaint.
. . . .

The Chaffee County Sheriff's Office, the Park County Jail Sheriff's Office, and the City of Salida Police Department are not separate entities from the respective county or city, and, therefore, are not persons under 42 U.S.C. § 1983.   *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   Any claims asserted against the sheriff offices and police department must be considered as asserted against the respective county or city.

Municipalities and municipal entities, such as Chaffee County, Park County, or the Cities of Salida and Fairplay are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added). Finally, "for purposes of analyzing a municipality's potential liability under § 1983, acts of municipal department officials in their official capacity are equated with the acts of a municipality itself."   *Stump*, 777 F. Supp. at 816 (citing *Monell*, 436 U.S. at 690 n. 55).   To state a § 1983 claim against a municipal employee in his official capacity, a plaintiff must allege:

(1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [municipality's] employees;

3

> (2) Deliberate indifference to or tacit approval of such
> misconduct by the [municipality's] policymaking officials . . .
> after notice to the officials of that particular misconduct; and
>
> (3) That the plaintiff was injured by virtue of the
> unconstitutional acts pursuant to the . . . custom and that the
> custom was the moving force behind the unconstitutional
> acts.

*Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993). A single incident generally is insufficient to show municipal liability, unless a plaintiff can demonstrate that "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."   *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).

Furthermore, each claim must identify a named defendant that personally participated in an alleged constitutional violation.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show in each identified claim how a named individual was responsible for the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct arising from his or her superintendent
> responsibilities, the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677) (internal quotation marks omitted).   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that

arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

ECF No. 29 at 3-7.

Plaintiff filed an Amended Prisoner Complaint on March 19, 2018, and a Supplement on March 21, 2018.   The Court must construe the Amended Complaint and Supplement liberally because Plaintiff is a pro se litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, a court should not act as a *pro se* litigant's advocate.   *See id.*

For the reasons stated below, the Complaint and action will be dismissed either for failure to comply with a Court order, or as legally frivolous or barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In the Amended Complaint, Plaintiff sets forth fourteen claims, names thirty-six defendants, and requests money damages.   In Claim One, Plaintiff asserts that Chaffee County and the City of Salida denied her right to a fair trial and subjected her to double jeopardy.   ECF No. 37 at 10.   In Claim Two, Plaintiff asserts that the City of Salida, Chaffee County, Spencer Blades, Trevor Thornhoff, Aldon Osborn, Kevin Everson, Darren Longheed, and Sheriff John Spezze did not give her a *Miranda* warning, issue her a summons to appear in court, or release her.   *Id.*   In Claim Three, Plaintiff asserts that

Chaffee County, the City of Salida, and Spencer Blades denied her right to a fair trial because Spencer Blades submitted a false affidavit and committed perjury, and Russell Johnson stamped and notarized the affidavit.   *Id.*

In Claim Four, Plaintiff asserts that on January 3, 2017, she was bleeding from her anus, and Chaffee County, the City of Salida, Nurse Tara, Commander Tracy Jackson, Sgt. Jimmy James, Lt. Martinez, Sheriff John Spezze, Undersheriff Joe McGuire, Dr. Susan Coy Kendall, Deputy Avilla, Deputy Beltri, Deputy Dickson, Deputy Bertolett, Deputy Stover, Deputy Moody, Deputy Payson, Deputy R. J. Carland, Deputy Adrian Pugh, Deputy Brandy Pugh, Deputy Miller, Deputy Compton, and Deputy Tucker violated her constitutional rights when they would not allow her to call 911, or to go to the Heart of the Rockies Medical Center, for treatment.   ECF No. 37 at 11.   Plaintiff further asserts that Commander Jackson told the deputies and nurses not to call 911 or take her to the hospital.   *Id.*

In Claim Five, Plaintiff asserts that on January 8, 2017, an X-ray technician at the Heart of the Rockies Regional Medical Center "radiated [her] face when [she] was supposed to be getting a chest X-ray."   ECF No. 37 at 12.   Plaintiff further asserts that on January 15, 2018, her face swelled and Nurse Mary did not send her to a medical doctor for an exam.   *Id.*   Plaintiff also contends that from February 7, 2017, to April 7, 2017, and beyond, neither Nurse Mary nor Nurse Tara called 911 or Dr. Ruiter, when her "chin burst from swelling" and bled.   *Id.*   Plaintiff further contends that Sheriff John Spezze, Undersheriff Joe McGuire, Commander Tracy Jackson, Sgt. Jimmy James, Lt. Martinez, Deputy Avilla, Deputy Veltri, Deputy Dickson, Deputy Bertolett, Deputy Payson, Deputy Stover, Deputy Moody, Deputy R. J. Carland, Deputy Adrian Pugh, Deputy

Brandy Pugh, Deputy Miller, Deputy Compton, and Deputy Tucker deprived her of her right to medical treatment, and that Commander Jackson told deputies and nurses not to call 911 or take her to the hospital.   *Id.*

In Claim Six, Plaintiff asserts that Chaffee County and the Detention Facility Sheriff's Deputies never allowed her out of the holding cells for one hour each day from January 3 to March 9, 2017, as is required by Chaffee County policy.   ECF No. 37 at 12-13.   In Claim Seven, Plaintiff asserts that Chaffee County and Park County violated her constitutional rights when she was sent to the Park County Jail against her "expressed will" on September 19, 2017.   ECF No. 37 at 13.   Plaintiff further asserts Deputy A. Pugh, Deputy Tucker, Lt. Martinez, Deputy Avilla, Court Officer Damon Harris forced her at "tazer point" to go to the Park County Jail, even though she was to serve a one-year sentence at the Chaffee County Detention Facility.   *Id.*   Plaintiff further asserts that Park County Sheriff's Deputy Wilson, or Wilcox, drove her to the Park County Jail from the "pick-up point, where the Park County Deputy met the Chaffee County deputies. *Id.*   In Claim Eight, Plaintiff asserts that Chaffee County and Park County violated her constitutional right to make a police report.   *Id.*   Plaintiff further asserts that on September 23, 2017, Deputy Adams served her a "goathead thorn" in her food, and Deputies Ledving and Copeland told Plaintiff they would hang up the wall phone if she attempted to call 911.   *Id.*

In Claim Nine, Plaintiff asserts that Chaffee County and the City of Salida violated her right to a fair trial because someone in possession of the pawn shop video altered the video that was presented to the jury on August 31, 2017, at Plaintiff's criminal trial.   ECF No. 37 at 14.   In Claim Ten, Plaintiff asserts that Chaffee County and the City of Salida

violated Plaintiff's constitutional rights when Judge William Peat Alderton did not follow

Colo. Rev. Stat. § 16-8.5-109.   *Id.*   In Claim Eleven, Plaintiff asserts that Chaffee County

and the City of Salida violated Plaintiff's constitutional rights when Judge William Peat

Alderton forged district court documents and used them to send Plaintiff to the state

mental health hospital in Pueblo, Colorado.   *Id.*   In Claim Twelve, Plaintiff asserts

Michael Shaffer took possession of her car on January 7, 2017, and has refused to return

the car to her.   *Id.*

In Claim Thirteen, Plaintiff asserts that Dr. Susan Coy Kendall violated her

constitutional right when the doctor submitted lies to Judge William Peat Alderton, after

talking to Plaintiff for about a minute sometime between January 14 and 24, 2017.   ECF

No. 37 at 15.   In Claim Fourteen, Plaintiff asserts that Park County violated her

constitutional rights, when on September 25, 2017, Dan Muldoon tried to take Plaintiff's

cane by "pressing on a suspected pressure point to force [her] to release her cane," which

inflicted pain on Plaintiff.   *Id.*

First, as Plaintiff was instructed in the March 19, 2018 Order Directing Plaintiff to

File an Amended Complaint, Defendants City of Salida, City of Fairplay, Chaffee County,

and Park County Sheriff's Office are improperly named defendants.     The Park County

Sheriff's Office is not a separate entity from Park County, and, therefore, is not a person

under 42 U.S.C. § 1983.   *See Stump*, 777 F. Supp. at 814-16.   The Cities of Fairplay

and Salida and Chaffee County are not liable under 42 U.S.C. § 1983 solely because

employees of each inflict injury on a plaintiff.   *Monell*, 436 U.S. at 694; *Hinton,* 997 F.2d

at 782.   To establish liability, a plaintiff must show that a policy or custom exists and that

there is a direct causal link between the policy or custom and the injury alleged, which

Plaintiff has failed to do.   *Harris*, 489 U.S. at 385.   Defendants City of Salida, City of Fairplay, Chaffee County, and the Park County Sheriff's Office will be dismissed as improper parties to this action.

Also, Plaintiff is not able to assert a cognizable claim against the Board of County Commissioners of Chaffee County and of Park County in the absence of specific factual allegations that demonstrate the existence of an injury caused by a municipal policy or custom.   *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).   As stated above, Magistrate Judge Gallagher instructed Plaintiff about demonstrating the existence of injury based on a municipal policy or custom in the February 16, 2018 Order to File an Amended Complaint. Defendants Board of County Commissioners for Chaffee County and Board of County Commissioners for Park County, therefore, will be dismissed from the action as improper parties to this action.

Second, Claims One, Two, Three, Nine, Ten, Eleven, and Thirteen, as asserted against Defendants Spencer Blades, Kevin Everson, Darren Longheed, and John Spezze regarding Plaintiff's conviction, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).   Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.   *See Heck*, 512 U.S. at 486-87.   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Plaintiff does not assert an invalidation of a conviction.   A result in favor of Plaintiff in this case would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence.   Plaintiff must obtain an invalidation of a conviction before she is able to seek money damages in a 42 U.S.C. § 1983 action.   *Heck*, 512 U.S. at 486-87.

The Court, therefore, finds Plaintiff's claim for damages in this case that challenge a criminal proceeding and a related conviction would be barred by the rule in *Heck*. Claims One, Two, Three, Nine, Ten, Eleven, and Thirteen, as asserted against Defendants Spencer Blades, Kevin Everson, Darren Longheed, and John Spezze, and against individuals Damon Harris, Trevor Thornhoff, Aldon Osborn, and Russell Johnson, will be dismissed pursuant to *Heck.*   The dismissal of these claims will be without prejudice.   *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Claim Four will be dismissed as legally frivolous for the following reasons.   The Eighth Amendment is violated when a correctional official or medical provider acts with deliberate indifference to a prisoner's serious medical needs.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2005) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal quotation marks omitted)).   Where a prisoner claims that harm was caused by a delay in medical

treatment, she must show that the delay resulted in substantial harm in order to satisfy the objective prong of the deliberate indifference test.   *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014).   Deliberate indifference means that "a prison official may be held liable . . . only if [she] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Farmer*, 511 U.S. at 847.   A disagreement about medical care or medical negligence does not violate the Eighth Amendment.   *Estelle*, 429 U.S. at 107; *Sealock*, 218 F.3d at 1211.

Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Farmer*, 511 U.S. at 847.   A disagreement about medical care or medical negligence does not violate the Eighth Amendment.   *Estelle*, 429 U.S. at 107.

Nothing Plaintiff asserts in Claim Four rises to the level of a constitutional deprivation.   Plaintiff contends that she incurred bleeding from January 3 through either January 7 or 8, 2017.   Plaintiff, however, does not assert that a physician had mandated treatment, which she did not receive, or that it was so obvious even a lay person would easily recognize the necessity for a doctor's attention.   Plaintiff also does not assert she faced or faces a substantial risk of serious harm that has been disregarded by defendants' failure to take reasonable measures regarding the bleeding.

Finally, it appears that at best Plaintiff's claim is no more than a possible delay of medical treatment.   Plaintiff asserts the bleeding lasted only from January 3 through January 7 or 8.   The Court notes that she was treated at the Heart of the Rockies Regional Medical Center on January 8 in response to another complaint that she had

chest pains.   ECF No. 37 at 12.   Plaintiff does not assert that she was unable to have the bleeding addressed when she was at the medical center on January 8, 2017.

Claim Five also will be dismissed as legally frivolous.   Plaintiff asserts her face swelled on January 15, 2017, due to radiation from an X-ray she received on January 8, 2017.   ECF No. 37 at 12.   She also asserts that either on February 7, 2017, or some time between February 7 and April 7, 2017, her "chin burst from the swelling" and she bled from her chin, but Defendants Nurse Mary and Nurse Tara would not call 911 or contact Dr. Ruiter.   Plaintiff, however, like in Claim Four, does not assert that a physician had mandated treatment, which she did not receive, or that it was so obvious even a lay person would easily recognize the necessity for a doctor's attention.   Furthermore, Plaintiff fails to assert that she faced or faces a substantial risk of serious harm that has been disregarded by defendants' failure to take reasonable measures regarding the bleeding.   Finally, it appears that at best Plaintiff's claim is no more than a disagreement about medical care or medical negligence, which does not violate the Eighth Amendment.

Claim Six will be dismissed because Plaintiff failed to comply with the March 7, 2018 Order to File an Amended Complaint.   As stated above, Plaintiff was directed to show in each identified claim how a named individual was responsible for the deprivation of a federal right.   *Kentucky*, 473 U.S. at 166.   In Claim Six, Plaintiff fails to identify a properly named defendant, who failed to let her out of the holding cell for one hour each day from January 3 to March 9, 2017.   Claim Six will be dismissed without prejudice.

Claim Seven will be dismissed as legally frivolous.   First, Plaintiff does not have a constitutional right to be housed in any particular penal institution.   *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).   Second, use of a taser is not *per se*

12

unconstitutional when it is done to control an uncooperative prisoner.   *Hunter v. Young*, 238 Fed. App'x 336, 339 (10th Cir. 2007).

Plaintiff states in Claim Seven that she was transported from the Chaffee County Jail to the Park County Jail on September 19, 2017, "against [her] expressed will" at "[taser] point."   ECF No. 37 at 13.   Plaintiff, however, concedes that the taser actually was not used against her, but that she was only threatened with the taser.   No matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim.   *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) ("necessarily excluded from the cruel and unusual punishment inquiry" are "verbal threats and harassment); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

Plaintiff stated above that she contested the transfer and was moved against her will.   Because Plaintiff does not have a constitutional right to being housed at a certain prison facility, and nothing she asserts indicates excessive force was used by defendants to affect her transfer, Claim Seven, as asserted against Defendants Deputy A. Pugh, Deputy Tucker, Lt. Martinez, and Deputy Avilla, and against individuals named Damon Harris and Wilson, or Wilcox, will be dismissed as legally frivolous.

Claims Eight and Twelve also will be dismissed as legally frivolous.   First, Plaintiff does not have a constitutional right, *per se*, to (1) file a police report; or (2) use a jail telephone.

Furthermore, to the extent Plaintiff is challenging the deprivation of her property in Claim Twelve, the United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Plaintiff has a remedy available in state court. *See* Colo. Rev. Stat. §§ 24-10-104 and 24-10-118. Plaintiff does not claim that this remedy is unavailable to her.

Claim Eight, as asserted against Defendants Ledving and Copeland, and another individual named Adams, will be dismissed as legally frivolous. Claim Twelve, as asserted against an individual named Michael Shaffer, also will be dismissed as legally frivolous.

Claim Fourteen, as asserted against Defendant Dan Muldoon, will be dismissed as legally frivolous. Plaintiff fails to assert a violation of any constitutional right.

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). *See also Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992) (The core areas entitled to protection pursuant to the Eighth

Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing).   The Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate.   *Farmer*, at 825, 828.   An Eighth Amendment claim must satisfy two requirements.   "First, the deprivation alleged must be, objectively, 'sufficiently serious.' "   *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).   Second, "a prison official must have a 'sufficiently culpable state of mind.' "   *Id.*

Nothing Plaintiff asserts in Claim Fourteen rises to the level of a deprivation of Plaintiff's Eighth Amendment rights.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Complaint and action are dismissed in part without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute, in part without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and in part with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Defendants Board of County Commissioners of Chaffee County, Board of County Commissioners of Park County, City of Salida, City of

Fairplay, Chaffee County, and the Park County Sheriff's Office are dismissed as improper parties to this Complaint.   It is

FURTHER ORDERED that Claims One, Two, Three, Nine, Ten, Eleven, and Thirteen, as asserted against Defendants Spencer Blades, Kevin Everson, Darren Longheed, and John Spezze, are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).   It is

FURTHER ORDERED that Claim Four, as asserted against Nurse Tara, Commander Tracy Jackson, Sgt. Jimmy James, Lt. Martinez, Sheriff John Spezze, Undersheriff Joe McGuire, Dr. Susan Coy Kendall, Deputy Avilla, Deputy Veltri, Deputy Dickson, Deputy Bertolett, Deputy Stover, Deputy Moody, Deputy Payson, Deputy R. J. Carland, Deputy Adrian Pugh, Deputy Brandy Pugh, Deputy Miller, Deputy Compton, and Deputy Tucker, and against an individual named Dr. Susan Coy Kendall, is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Claim Five, as asserted against Defendants John Spezze, Undersheriff Joe McGuire, Commander Tracy Jackson, Sgt. Jimmy James, Lt. Martinez, Deputy Avilla, Deputy Veltri, Deputy Dickson, Deputy Bertolett, Deputy Payson, Deputy Stover, Deputy Moody, Deputy R. J. Carland, Deputy Adrian Pugh, Deputy Brandy Pugh, Deputy Miller, Deputy Compton, and Deputy Tucker, and against an individual identified as an X-ray technician at the Heart of the Rockies Regional Medical Center, is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Claim Six is dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and for failure to prosecute.   It is

FURTHER ORDERED that Claim Seven, as asserted against Defendants Deputy A. Pugh, Deputy Tucker, Lt. Martinez, and Deputy Avilla, and against individuals named Damon Harris and Wilson, or Wilcox, is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Claim Eight, as asserted against Defendants Ledving and Copeland, and against an individual named Adams, is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Claim Twelve, as asserted against an individual named Michael Shaffer, is dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that Claim Fourteen, as asserted against Defendant Dan Muldoon, is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED May 30, 2018, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court